UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PATRICK EDWARD FREDERICKS,

    Petitioner,

v.

ROBERT NAPEL,

    Respondent.

_____/

Case No. 2:17-cv-28

HON. JANET T. NEFF

## OPINION AND ORDER

    This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) recommending that this Court deny the petition (Pet., ECF Nos. 1; 19; R & R, ECF No. 31). The matter is presently before the Court on Petitioner's objections to the Report and Recommendation (ECF No. 32). In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

    Petitioner raises "Objections to Discussion" as well as seven enumerated objections labeled "Objections to Issues," and an unlabeled, ineffective assistance of counsel objection (ECF No. 32 at PageID.1528, 1530, 1533). The Court will address each.[1]

---

[1] Petitioner's objections, in general, consist of numerous brief assertions, with little or no developed arguments. The Court has endeavored to determine the nature of the objections as best it can for purposes of analysis.

***Objections to Discussion and Enumerated Objections 4 and 7.*** Petitioner states several objections that flow from his disagreement with evidence presented at trial. Petitioner's "Objections to Discussion," as well as enumerated objections 4 and 7, advance several bare disputes of witness testimony and with the Magistrate Judge's corresponding recitation of that evidence. These objections broadly assert that the Magistrate Judge's conclusions "rely" on what Petitioner characterizes as inconsistent testimony, or false testimony that "was not addressed" (ECF No. 32 at PageID.1531).

The Magistrate Judge addressed these topics at length in the Report and Recommendation, observing that some of Petitioner's allegations of false testimony were "disingenuous" and noting that "[t]here are certainly inconsistencies between the testimony of Petitioner and [Deputy] Rought" "regarding the events that occurred when law enforcement arrived." "Inconsistency, however, is not enough to demonstrate falsity" (ECF No. 31 at PageID.1511). The Magistrate Judge specifically addressed the allegations of false testimony with regard to prosecutorial misconduct, and properly concluded that Petitioner's claims based on false testimony failed (*id.*).

Petitioner specifies what he contends are several factual misstatements by the Magistrate Judge in terms of the number of police officers present at Petitioner's house on the night of his arrest, and in the Magistrate Judge's characterization of Petitioner's encounter with police (*id.* at PageID.1528-1529). However, Petitioner only offers bare assertions, such as: "[t]his was not the case" and "[t]his is not accurate and does not reflect Trooper Lewis Testimony [sic]" (*id.* at PageID.1528). These assertions fail to establish any error in the Magistrate Judge's ultimate analysis and conclusions.

Likewise, to whatever extent it might be construed as an independent objection, the section of Petitioner's objection labeled "TERRY V OHIO" follows this same pattern of simply offering

bare disputes of fact surrounding the night of Petitioner's arrest, with no developed or discernable arguments (*id* at PageID.1532-1533).

In major part, these are general objections which do not show specified error. Where they specifically allege factual error in the Report and Recommendation, the objections fail to establish such error; nor do they clearly delineate how the purported misstatements warrant habeas relief. These objections fail to show error in the facts or in the application of law on the part of the Magistrate Judge, and they are therefore denied.

***Objection based on ineffective assistance of counsel.*** Corresponding to the alleged factual disputes, and Fourth Amendment issues, Petitioner objects that appellate counsel was ineffective by not properly raising these disputes (*id.* at PageID.1533). Petitioner's objection is conclusory, offers little by way of development of that issue, and essentially amounts to a summary of the same arguments addressed in the Report and Recommendation. Petitioner shows no error in the Magistrate Judge's extensive analysis of this issue (ECF No. 31 at PageID.1513-1525). This objection is therefore denied.

***Objections 1 and 2.*** Petitioner's objections 1 and 2 appear to challenge the Magistrate Judge's findings that Petitioner procedurally defaulted Habeas Issues XV and III-X and XII-XIV in state court (ECF No. 31 at PageID1498-1499). Petitioner's objection 1 merely states that "the 6500 motion file on the final opinion of the court actually cites 6.508(d) which is not procedural default but even if it was under the miscarriage of justice exemption, this conviction should be overturned" (ECF No. 32 at PageID.1530); *see* Mich. Ct. R. 6.508(D) (setting forth certain bars to relief for noncompliance with procedure, including the failure to timely raise grounds for relief on appeal).

3

In objection 2, Petitioner states that "issue xv was raised separately as a constitutional Challenge under the federal rules of civil procedure 5.1 In which a certified question was sent to the court and to the Attorney General of Michigan," directing the Court to refer to the motion filed (ECF No. 32 at PageID.1530).

Petitioner's specific objections are unclear. To the extent Petitioner has raised objections, they are conclusory and provide no supporting argument. Neither objection shows error in the Magistrate Judge's analysis or determinations with regard to procedural default (ECF No. 31 at PageID.1498-1499). Therefore, these objections are denied.

***Objection 3.*** This objection addresses habeas review of Fourth Amendment claims (*see* R & R, ECF No. 31 at PageID.1502-1504). The Magistrate Judge properly observed: "In *Stone v. Powell*, the Supreme Court held that federal habeas review is not available to a state prisoner alleging that his conviction rests on evidence obtained through an unconstitutional search or seizure, as long as the state has given the petitioner a full and fair opportunity to litigate the claim" (*id.* at PageID.1502-1503). Because Michigan has such a state procedural mechanism, "Petitioner must allege facts showing that the state corrective mechanism has somehow broken down" (*id.* at PageID.1503). The Magistrate Judge concluded that "Petitioner has not alleged any facts indicating that the state's mechanism has broken down" (*id* at PageID.1504).

Petitioner objects that the mechanism did break down because "[t]he motion to suppress was denied even after [the] allegation of illegal entry and search and seizure were presented to the lower court," and "the lower court completely ignored and never addressed the illegal entry and search" and took no testimony from Petitioner or any officers in the case (ECF No. 32 at PageID.1530). Petitioner's objection is conclusory and contrary to the record since the Michigan courts did address Petitioner's Fourth Amendment claims (*see* ECF No. 31 at PageID.1504).

4

Petitioner may disagree with the outcome of the proceedings, but he provides no argument to overcome the hurdle of *Stone*, as determined by the Magistrate Judge. Accordingly, this objection is denied.

*Objection 5.* Petitioner argues that the Magistrate Judge erred in concluding that the jury instructions included the necessary elements of the charged crime, and Petitioner was not entitled to habeas relief on his jury instruction challenge. Plaintiff asserts that the element that the controlled substance was methamphetamine was omitted. However, the Magistrate Judge pointed to the state court's conclusion that "the instructions given 'laid out the specific elements of the crime … [and] did not hold the prosecutor to any less burden of proof, nor did the instructions require the prosecutor to not prove all of the elements required [by the statute]'" (ECF No. 31 at PageID.1505-1506, citing Kalamazoo Cty. Cir. Ct. Op. & Order, ECF No. 24-11, PageID.1131-1132). The Magistrate Judge noted that "[t]his Court is bound by the state court's state-law determination that the instructions captured all of the elements of the charged crime" (ECF No. 31 at PageID.1506). Therefore, the state court's determination did not amount to an unreasonable application of clearly established federal law, and Petitioner was not entitled to habeas relief (*id.*).

Petitioner's objection, that the Magistrate Judge erred in this determination and that the jury instructions omitted the necessary element that the controlled substance was methamphetamine, rests on nothing more than his bare assertion and is contrary to the record noted by the Magistrate Judge (ECF No. 32 at PageID.1531; ECF No. 24-11 at PageID.1131-1132). Petitioner presents no argument o undermine the Magistrate Judge's reasoning or conclusion. Accordingly, the objection is denied.

*Objection 6.* Petitioner's objection 6 asserts generally that the Magistrate Judge failed to address all the instances of prosecutorial misconduct and that "all the testimony telling the jury

that defendant was guilty of operating and maintaining a methamphetamine lab," which they were told directly, thus unfairly shifted the burden of proof to Petitioner to prove his innocence (ECF No. 32 at PageID.1531). The Magistrate Judge fully addressed Petitioner's claims of prosecutorial misconduct based on two apparent categories of claims (ECF No. 31 at PageID.1509-1513). Petitioner's limited objection fails to present any cogent, specific argument with respect to his claim that the prosecutor shifted the burden of proof. Petitioner provides no record citations for the Court to determine the nature of his contention. "[O]bjections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). This objection is denied.

***Certificate of Appealability.*** Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001); *see also Smith v. Woods*, 505 F. App'x 560, 564 (6th Cir. 2012).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484. Upon review, as recommended by the Magistrate Judge, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. A certificate of appealability will therefore be denied.

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* To the extent Petitioner challenges procedural rulings, this Court finds that reasonable jurists would not find the Court's procedural ruling debatable as to each issue asserted. A certificate of appealability will therefore be denied.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 32) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 31) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (ECF No. 1), as supplemented, is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.


Dated: February 11, 2020  /s/ Janet T. Neff
JANET T. NEFF
United States District Judge